**WALLING, Adm'r of Wage and Hour Division, U. S. Dept. of Labor, v. PALMER.**

No. 2480.

District Court, M. D. Pennsylvania.

Aug. 29, 1946.

and Ernest N. Votaw, Regional Atty., of Philadelphia, Pa., for the U. S. Department of Labor.

James K. Peck, of Scranton, Pa., for defendant.

WATSON, District Judge.

This is an action brought by the Administrator of the Wage and Hour Division of the United States Department of Labor, under Section 11(a) of the Fair Labor Standards Act of 1938, Act of June 25, 1938, c. 676, 52 Stat. 1060, 29 U.S.C.A. § 201 et seq., to restrain future violations of that Act's requirements.

The case was tried before the Court sitting without a jury.

### Discussion

An injunction is sought restraining the defendant from violating three distinct sections of the Act, namely, Section 6, 29 U.S.C.A. § 206, which provides for minimum wages, Section 7, 29 U.S.C.A. § 207, which provides for maximum hours, and Section 11(c), 29 U.S.C.A. § 211(c), which provides for the proper maintenance of records.

In a stipulation filed in this case it was agreed that the defendant is the sole owner and operator of a place of business and garage in Lackawanna County, Pennsylvania, and is engaged in the States of Pennsylvania, New York and New Jersey as a contract carrier in transporting and receiving for transportation, offering for transportation and delivering goods in interstate commerce. It was further agreed that the defendant employs approximately fifty-seven persons in the following capacities: Three mechanics, thirty-seven drivers, nine or more garage, utility and safety men, and a janitor; and that all of those employees are engaged in interstate commerce and in the production of goods for interstate commerce as those terms are used in the Fair Labor Standards Act of 1938. There was further evidence that a fifth class of persons was also employed by the defendant, that of office employees.

Defendant alleged in his answer that by virtue of Section 13(b) (1) of the

William S. Tyson, Sol., and Jeter S. Ray, Associate Sol., both of Washington, D. C.,

Act[1] he is not subject to the provisions of the Fair Labor Standards Act. Section 13(b), however, refers to Section 7 only (the provision for pay for overtime hours) and does not refer in any way to Section 6 or Section 11(c). The defendant is, therefore, not relieved from the minimum wage requirements of the Act contained in Section 6 or the record-keeping requirements contained in Section 11(c).

■ There was no evidence to show failure on the part of the defendant to pay the minimum wage, and the court will not enjoin the defendant from any further violation of Section 6.

■ There was evidence submitted which indicated that the defendant had not kept records for his office employees at any time. The office employees are engaged in interstate commerce and as such are subject to the Administrator's regulations requiring the keeping of records of hours worked. Overnight Motor Transportation Company, Inc., v. Missel, 316 U.S. 572, 62 S.Ct. 1216, 86 L.Ed. 1682. The exemption mentioned in Section 13(b) (1) does not apply to Section 11(c).

We now arrive at the chief problem which involves those employees whom the defendant calls garage, utility and safety men, and also the employee in the janitor class. The defendant claims that these are men as to whom the Interstate Commerce Commission has power to establish qualifications and hours of service and that, for that reason, the overtime provisions of the Fair Labor Standards Act are not applicable to them by reason of Section 13(b) (1) of the Act. Plaintiff contends, however, that Section 13(b) (1) does not apply to these men.

Section 204(a) (2) of the Motor Carrier Act of 1935,[2] authorizes the Interstate Commerce Commission to establish qualifications and maximum hours of service in regard to certain employees. If the employees in question fall within Section 204(a) (2) of the Act, then they are exempt from Section 7 of the Fair Labor Standards Act by virtue of Section 13(b) (1) of that Act.

■ The United States Supreme Court has specifically upheld the position of the Interstate Commerce Commission that the meaning and scope of Section 204(a) (2) of the Motor Carrier Act extends only to establishing qualifications and maximum hours of service of employees whose activities affect the safety of operation. United States v. American Trucking Ass'ns, 310 U.S. 534, 60 S.Ct. 1059, 84 L.Ed. 1345. In short, the exemption from the overtime requirements of the Fair Labor Standards Act contained in Section 13(b) (1) is limited to employees of a contract carrier who spend the majority of their time in operations or occupations affecting the safety of operation of motor vehicles.

The drivers and mechanics are not only engaged in interstate commerce but are also employed in activities which affect the safety of operation of motor vehicles, and the exemption from the overtime requirements of the Act, therefore, is applicable to them and no question arises concerning them in this case.

■ Reference has already been made to the office employees as being engaged in interstate commerce but, in the opinion of the Court such office employees do not engage in activities involving safety of operation of motor vehicles and, therefore, are subject to the Fair Labor Standards Act. As to the janitor, the same conclusion is reached. Kirschbaum v. Walling, 316 U.S. 517, 62 S.Ct. 1116, 86 L.Ed. 1638.

■ The remaining employees belong to the class referred to as garage, utility and safety men, who perform miscellaneous

[1] 29 U.S.C.A. § 213(b) (1). "(b). The provisions of section 207 of this title shall not apply with respect to (1) any employee with respect to whom the Interstate Commerce Commission has power to establish qualifications and maximum hours of service pursuant to the provisions of section 304 of Title 49;"

[2] 49 U.S.C.A. § 304(a) (2). "(a). It shall be the duty of the Commission

* * * (2) To regulate contract carriers by motor vehicle as provided in this chapter, and to that end the Commission may establish reasonable requirements with respect to uniform systems of accounts, records, and reports, preservation of records, qualifications and maximum hours of service of employees, and safety of operation and equipment."

maintenance operations involving checking tires, washing the trucks and trailers, filling the tanks with gas, checking the brakes, hooking up the trailers to the tractors, putting oil in the motors, water in the batteries and radiators, and checking the lights. Since these operations are performed on motor vehicles which are currently transporting goods in interstate commerce, these employees are accordingly so closely connected with this interstate transportation as to be considered engaged in interstate commerce. The provisions of the Act, are, therefore, applicable to these employees, and the burden of proving the applicability of the exemption of Section 13(b) (1) rests upon the party asserting its applicability, the defendant here. Schlemmer v. Buffalo, Rochester & Pittsburgh Ry. Co., 205 U.S. 1, 27 S.Ct. 407, 51 L.Ed. 681.

The following schedule outlines the time requirements according to the testimony given and is broken down into what are apparently activities affecting safety of operation and those not affecting safety of operation:

forty-eight hours of work, which schedule is not in accordance with the Act.

### Findings of Fact

1. Defendant resides in the City of Scranton, Pennsylvania, and is engaged in business as a contract carrier under a certificate of public convenience from the Interstate Commerce Commission.

2. At his garage the defendant employs bookkeepers or office helpers, a janitor, mechanics, drivers, and garage, utility and safety men.

3. No records were kept by the defendant of the hours worked by the office employees.

4. The janitor and garage, utility and safety men worked hours in excess of 40 hours a week, for which they received no additional compensation.

5. The garage, utility and safety men, devote less than thirty-five per cent. of their time to activities affecting the safety of operation of motor vehicles transporting property in interstate commerce.

| Activity | Estimated Time | Activities affecting Safety of Operation | Activities not Affecting Safety of Operation |
|---|---|---|---|
| Checking Tires | 10 min. | 10 min. | **** |
| Washing tractor and trailer | 1 hr. | *** | 1 hr. |
| Bleeding brakes and hooking up tractor and trailer | 20 min. | 20 min. | **** |
| Filling gas tank | 15 min. | *** | 15 min. |
| Oiling Motor | 1 min. | *** | 1 min. |
| Water in radiator | 1 min. | *** | 1 min. |
| Water in battery | 1 min. | *** | 1 min. |
| Checking lights and changing bulbs | 5 min. | 5 min. | *** |
| Totals | 1 hr. & 53 min. | 35 min. | 1 hr. & 18 min. |

If all the figures testified to above are relied upon, it appears that only about one-third of the time of these employees is devoted to those activities which directly affect the safety of operation. If the exemption is not held to be applicable to these employees, they and the janitor must receive time and one-half their regular rate of pay for all hours after forty. They are now receiving time and one-half only after

### Conclusions of Law

1. Section 13(b) (1) of the Act does not relieve the defendant from the minimum wage and record-keeping requirements of the Act and the Administrator's regulations.

2. The Act and the Administrator's regulations require the defendant to keep records of the hours worked by and wages paid to all employees, including those who

are exempt from the overtime requirements of the Act by Section 13(b) (1) thereof.

3. The office employees, janitor, mechanics, drivers, and garage, utility and safety men are all engaged in interstate commerce, or in occupations necessary to the production of goods in interstate commerce.

4. Plaintiff is entitled to the issuance of a judgment against the defendant enjoining him from failing to keep the records of hours worked by his employees required by the regulations promulgated by the Administrator in accordance with the provisions of the Act.

5. The exemption from the overtime requirements in Section 13(b) (1) of the Act is applicable to the mechanics and drivers employed by the defendant.

6. The exemption from the overtime requirements in Section 13(b) (1) of the Act is not applicable to the defendant's office employees or janitor or garage, utility and safety men, and these employees are entitled to time and one-half their regular rate of pay for all hours worked over forty in a work week.

7. Plaintiff is entitled to a judgment enjoining the defendant from failing to pay the janitor and the garage, utility and safety men time and one-half their regular rate of pay for all hours worked over forty in a work week.

It is hereby ordered and decreed that the defendant, Thomas F. Palmer, individually, and trading as Palmer Transfer, his officers, agents, servants, employees, and all persons acting, or claiming to act, in his behalf and interest, (1) be, and is, permanently enjoined and restrained from violating the provisions of Section 11(c) of the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 211(c), directing that he shall make, keep, and preserve such records of the persons employed by him, and shall make such reports therefrom to the Administrator as he shall prescribe by regulation or order as necessary or appropriate for the enforcement of the provisions of the Act; and (2) be, and is permanently enjoined and restrained from violating the provisions of Section 7 of the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 207,

or any of the provisions of any regulation or order of the Administrator issued under Section 7 of the Act, specifically as it affects the janitor and garage, utility and safety men employed by him.